## Johnstown Telephone Company, Appellant, *v.* Southport Borough.

*Telephone companies—License tax—Reasonableness—Boroughs.*

Where a telephone company is granted the privilege to erect and maintain poles and wires in a borough, and the ordinance granting the privilege provides that nothing contained therein should "limit the power of the borough to impose taxes nor prohibit the borough from adopting and enforcing any proper police regulations relating to streets," and five years thereafter the borough passes an ordinance fixing the amount of the tax, the company cannot be deprived of its right under the Act of April 17, 1905, P. L. 183, to have the reasonableness of the tax determined by the fact that it paid the tax for two years without complaint.

Argued May 1, 1911. Appeal, No. 104, April T. 1911, by plaintiff, of C. P. Cambria Co., Sept. T., 1910, dismissing petition filed under the Act of April 17, 1905, P. L.

183, in case of Johnstown Telephone Co. v. Southport
Boro. et al.  Before RICE, P. J., HENDERSON, MORRISON,
ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Petition under Act of April 17, 1905, P. L. 183, to have
determined the reasonableness of a license tax.  Before
O'CONNOR, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the petition.

*George E. Wolfe*, for appellant.

*D. P. Weimer*, for appellees.

OPINION BY RICE, P. J., July 13, 1911:

The proceedings in this case were of the same nature,
and were conducted substantially in the same way, as
those we have discussed in the case of the same company
against Ferndale borough, ante, p. 461, in which we here-
with file an opinion.  The case differs from that in this
respect, that the license ordinance was not passed until
five years after the company had been granted the privilege
to erect and maintain poles and wires for telephone pur-
poses in the borough.  The ordinance granting the
privilege provided that nothing contained therein should
"limit the power of the borough to impose taxes nor
prohibit the borough authorities from adopting and
enforcing any proper police regulations relating to streets,
alleys or highways of the borough."  It was set up in the
answer, and it is stated in the opinion of the court, that
it was admitted on the argument that the company, for
the years of 1907 and 1908, paid the license tax as fixed
by the ordinance of 1906, "thus adopting," it was
averred in the answer, "and making the provisions of
said license tax ordinance a part of the contract volun-
tarily entered into by the parties hereto."  The learned
court took this view, and therefore dismissed the pro-

ceeding and entered judgment for the borough for the amount due according to the rate established by the license ordinance. This was erroneous. The fact that a company has submitted to an unreasonable, and, therefore, an illegal exaction, for two years, does not estop it from claiming the benefit of the provisions of the act of 1905. That fact did not establish a contract to continue to pay the unreasonable and illegal exaction for all time. We conclude, as in the preceding case, that the petitioner was entitled to a hearing, in accordance with the provisions of the act of 1905, at which it could have opportunity to adduce evidence upon the question of the reasonableness of the license fee, and that the cause must be remitted for that purpose.

The decree is reversed, the judgment entered pursuant thereto is set aside, and the record is remitted for further proceeding according to law; the costs of this appeal to be paid by the appellee.